**Minnie M. Nihell, Defendant in Error, v. Edward M. Nihell, Plaintiff in Error.**

DIVORCE—*when decree should be set aside.* If a decree of divorce is granted upon the ground that the defendant had a former wife living at the time he intermarried with the complainant, a motion made at the term of entry to set aside such decree should in the exercise of a sound discretion be granted if the showing made in support thereof is such as to create a doubt as to the propriety of the decree.

Divorce. Error to the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

THOMAS F. FERNS and EUGENE HALE, for plaintiff in error.

ACTON & ACTON, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This writ of error is prosecuted by the defendant to have reviewed an order of the Circuit Court overruling a motion to set aside a decree granting the complainant, Minnie M. Nihell, a divorce from the defendant, Edward M. Nihell.

The record discloses that the bill was filed on March 24, 1909, and summons returnable to the May term, 1909, of said court, issued and returned by the sheriff "not found." Service was thereupon had upon the defendant by publication under the statute. At said May term a default was entered, and a hearing had, which resulted in the entry of a decree in accordance with the prayer of the bill. At the same term the defendant moved the court to set aside said decree, which motion was overruled.

The ground for divorce set up in the bill is that the defendant had a former wife living at the time he intermarried with the complainant. The defendant was on June 16, 1892, married to one Dora Schwindt. On February 28, 1902, the complainant and defendant were married, and on March 24, 1909, the complainant filed the present bill against the defendant, alleging that at the time he married her, the said Dora Schwindt was living and that the defendant had never been divorced from her. It is contended by the defendant that on May 4, 1897, an absolute divorce was granted to his first wife by the Circuit Court of Davidson county, Tennessee, while the complainant contends that although such first wife did institute proceedings for divorce against the defendant in said court on November 23, 1896, no decree was ever rendered in the suit until May 15, 1909, when said court improperly

entered a decree of divorce *nunc pro tunc* as of May 4, 1897.

We shall not consider or determine the questions raised as to the sufficiency of the proof upon which the decree was rendered, or whether or not competent evidence was heard in support of the bill, or whether proper service by publication was had upon the defendant. It will suffice to say that we are of opinion that upon the showing made by the defendant on the motion to vacate the decree, the chancellor should have in the exercise of a sound discretion, set aside the decree, and allowed the defendant to answer the bill and have his day in court. The motion was made at the first and at the same term the decree was rendered. The showing made by the defendant upon the motion was sufficient to create doubt as to the propriety of the decree.

The order of the Circuit Court overruling said motion is therefore reversed and the cause remanded with direction to set aside said decree of divorce and permit the defendant to answer the bill.

*Reversed and remanded.*